106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Munroe LITTRELL, Petitioner-Appellant,
v.
Richard D. NICHOLS; Corporation of the State of Arizona,
Respondents-Appellees.
 No. 96-15718.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Munroe Littrell, an Arizona state prisoner, appeals pro se the district court's denial of his motion for reconsideration and clarification of the district court's November 20, 1995 order that construed his writ of mandamus petition as a 28 U.S.C. § 2254 petition, and dismissed the petition without prejudice. Littrell contends that the district court erred by construing his mandamus petition as a § 2254 petition and refusing to release him from custody. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 On September 7, 1995, Littrell filed a writ of mandamus petition in the District Court of Arizona seeking immediate release from custody. Upon review of the petition, the district court determined that Littrell was challenging his conviction and needed to file an amended petition under 28 U.S.C. § 2254, the correct avenue for state prisoners to challenge their convictions in federal court. In an attempt to guide Littrell, the district court directed him to rewrite or retype the amended petition on a court-approved § 2254 form, clearly label the document as an amended petition, name the correct respondent, clearly state each claim and explain its effect on the constitutionality of his conviction, state the desired relief and explain why he is legally entitled to that relief, and show that he as exhausted his state remedies with respect to every claim on which he requests action by the district court.
 
 
 4
 Instead of filing an amended petition pursuant to the district court's November 20th order, Littrell filed a motion for reconsideration and clarification in which he presented essentially the same issues raised in his writ of mandamus. The district court denied the motion and attempted to instruct Littrell on filing the amended petition, again. Because Littrell did not comply with the November 20, 1995 order, and because the claims raised in his motion for reconsideration and clarification lacked merit, the district court did not err by denying his motion for reconsideration and clarification.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Littrell's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3